[No. 4,007.]

## ALBERT BERRY *v.* THE SAN FRANCISCO AND NORTH PACIFIC RAILROAD COMPANY.

BILL OF EXCEPTIONS.---A bill of exceptions may be settled at any time within thirty days after the judgment is rendered, and it then becomes a part of the record on appeal from the judgment on questions of law.

THE trial was by jury, and the plaintiff obtained a verdict on the 25th day of June, 1873. A judgment was entered for the plaintiff on the same day. On the fourteenth day of July, 1873, the Judge settled a bill of exceptions on questions of law, and the same was filed the next day. The defendant appealed from the judgment. No motion for a new trial was made. The respondent filed a brief on the point that the bill of exceptions was not a part of the record, and could not be considered.

*Thomas & Pressley,* for Appellant.

*McCullough & Maslin,* for Respondent.

Section 670 of the Code of Civil Procedure, provides that the judgment roll shall consist of the pleadings, verdict of the jury or findings of the Court or referee, all bills of exceptions taken and filed, and other papers before enumerated, and the clerk is required " immediately after entering the judgment," to make up this roll.

Section 649 provides for a bill of exceptions to any ruling of the Court being presented at the time the ruling is made, and signed by the Judge and filed with the clerk. This bill of exceptions, made at the time of the ruling, must be immediately after the judgment is entered, attached to the other papers named in section 670, and becomes a part of the judgment roll.

There is no provision in the Code of Civil Procedure which makes the bill of exceptions provided for in section 650 a part of the roll; nor could there be without violating the provisions of section 670, which is mandatory on the clerk, and declares that the papers enumerated, when attached together, shall constitute the judgment roll.

A paper filed at any time after the judgment is entered, and the judgment roll is made up by the clerk, is not and cannot become a part of the judgment roll.

By the Court:

Upon the authority of *Caldwell* v. *Parks, ante,* 640, the objections of the respondent taken to the sufficiency of the bill of exceptions herein, are overruled, and the respondent is allowed to file brief upon the merits within ten days.

[No. 3,939.]

## M. G. GRIFFITH et·al. *v.* FERDINAND GRUNER.

Argument of Motion for New Trial.---Under the provisions of the Practice Act prior to the adoption of the Code of Civil Procedure, either party could notice for argument a motion for new trial, and if the party opposing the motion neglect to bring up the motion for argument, he could not complain of the neglect of the other party, and could not claim that the motion be dismissed because the moving party failed to bring on the argument.

Service of Notice.---Under the Practice Act, as it existed before the adoption of the Code of Civil Procedure, a notice to take a deposition was required to be served on the attorney of the other party, even if he lived out of the county where the case was pending. A service on the party himself was not sufficient.

Ejectment brought in the county of El Dorado to recover a mining claim. The plaintiffs served notice on the defendant, at El Dorado County, that they would, on the 9th day of May, 1871, take the deposition of G. M. Adams, before E. V. Joice,· a Notary Public, at his office in San Francisco.

*A. P. Dudley* and *Mulville,* who reside in San Francisco, were the defendant's attorneys.

The defendants, on the trial, objected to the deposition being received in evidence, because it was not served on the attorneys. The Court overruled the objection. The